UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER,<br><br>         Plaintiff,<br><br>v.<br><br>ALVAREZ, ET AL.,<br><br>         Defendants. | Case No.: 18-CV-326-AJB(WVG)<br><br>**(1) ORDER GRANTING MOTION TO WITHDRAW COUNT THREE [Doc. No. 8], and**<br><br>**(2) ORDER DENYING MOTION TO PROVIDE ADVISORY OPINION ON COUNT TWO [Doc. Nos. 8, 10]** |

Plaintiff Allen Hammler, currently incarcerated and proceeding *pro se*, has filed a motion to withdraw count three and requests an advisory opinion on the sufficiency of count two of his complaint. (Doc. No. 8 at 1, Doc. No. 10 at 1.)

**I.  BACKGROUND**

On February 9, 2018, Plaintiff filed a civil rights complaint of three counts pursuant to 42 U.S.C. § 1983 against Defendants Alvarez, Dies, Barrientos, and Hough. (Doc. No. 1 at 2-16.) Under count one, Plaintiff claims Defendants violated his Eighth Amendment rights through use of unnecessary and excessive force. (Doc. No. 1 at 3.) Under count two, Plaintiff claims Defendants violated his First Amendment rights through use of retaliation and selective enforcement. (Doc. No. 1 at 12.) Under count three, Plaintiff

claims Defendants violated his Fourteenth Amendment right to due process through use of libel and slander. (Doc. No. 1 at 15.)

Plaintiff failed to pay the civil filing fee required by 28 U.S.C. § 1914(a), and, on February 26, 2018, filed a motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a), claiming he could not pay the fee due to poverty. (Doc. No. 3 at 1.) On April 25, 2018, his motion was granted and a U.S. Marshal was ordered to effect service upon Defendants on Plaintiff's behalf. (Doc. No. 5 at 5-6.) Defendants were served on that same day. (Doc. No. 6 at 1.)

## II. DISCUSSION

On May 14, 2018 and May 18, 2018, Plaintiff filed motions to withdraw count three and for an advisory opinion on count two of his Complaint. (Doc. No. 8 at 1, Doc. No. 10 at 1.) Plaintiff's motion to withdraw is construed as a motion to amend his pleading under Rule 15 of the Federal Rules of Civil Procedure.

### A. Motion to Withdraw Count Three

Under Rule 15(a), a party has the right to amend his pleading "as a matter of course" within twenty-one days of serving it, or alternatively, with either the opposing party's written consent or "the court's leave." Fed. R. Civ. P. 15(a)(1), (2). Leave should be freely given when justice so requires, Fed. R. Civ. P. 15(a)(2), and Rule 15's policy of favoring amendments of pleadings "should be applied with extreme liberality." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). However, this extreme liberality is subject to four limitations. A motion for leave to amend pleadings should be denied where the amendment would cause undue delay, is sought in bad faith, constitutes an exercise in futility, or would cause the opposing party undue prejudice. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). While all four factors are relevant, whether the amendment would cause undue prejudice to the opposing party is most crucial. *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973).

Under Rule 15(a)(2), the Court finds that Plaintiff's requested amendment to withdraw count three of the Complaint would not cause undue delay, is not sought in bad

faith, does not constitute an exercise in futility, and does not cause undue prejudice to the opposing party. *See Foman*, 371 U.S. at 182.

Therefore, as leave to amend should be given liberally, *see Webb*, 655 F.2d at 979, the Court GRANTS Plaintiff's motion to amend his pleading to withdraw count three. (Doc. No. 8 at 1.) Accordingly, the original Complaint in this case—filed as Docket No. 1—minus count three shall be construed as the First Amended Complaint.

**B.     Motion to Provide Advisory Opinion on Count Two**

Courts do not provide advisory opinions. *See Maldonado v. Lynch*, 786 F.3d 1155, 1165 (9th Cir. 2015) (Gould, C.J., dissenting) (citing *Flast v. Cohen*, 392 U.S. 83, 96 n.14 (1968) ("The rule against advisory opinions was established as early as 1793.")). Defendants must file either a motion to dismiss or an Answer within 60 days of June 6, 2018. (*See* Doc. Nos. 11-14.) As Defendants have the opportunity to challenge or accept count two of the Complaint, the Court DENIES Plaintiff's motion for an advisory opinion. (Doc. No. 10 at 1.)

IT IS SO ORDERED.

DATED: July 9, 2018

Hon. William V. Gallo
United States Magistrate Judge