UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| ALLEN HAMMLER, Plaintiff, v. J. ALVAREZ, et al., Defendants. | Case No.: 3:18-cv-0326-AJB-WVG<br><br>**ORDER:**<br><br>**(1) ADOPTING THE REPORT & RECOMMENDATION, (Doc. No. 53);**<br><br>**(2) GRANTING DEFENDANTS' MOTION TO DISMISS, (Doc. No. 19);**<br><br>**(3) ALLOWING PLAINTIFF LEAVE TO AMEND.** |
|---|---|

Before the Court is Plaintiff Allen Hammler's First Amended Complaint ("FAC") [1] under the Civil Rights Act, 42 U.S.C. § 1983. (Doc. No. 1.) In the Report and Recommendation ("R&R"), the Magistrate Judge recommended: (1) Plaintiff's Claim One for Excessive Force be dismissed without leave to amend; (2) Defendants Alvarez and Deis are entitled to qualified immunity as to Claim One; (3) Claim Two for retaliation be

---

[1] The Court has previously construed Plaintiff's original complaint as the FAC since dismissing Plaintiff's Count Three. (Doc. Nos. 8, 15.) Thus, the Court will refer to the Complaint—without consideration of Count Three—as the FAC.

1

dismissed against all defendants with leave to amend; and (4) ruling on qualified immunity for Claim Two be delayed until Plaintiff has amended the retaliation claim. (Doc. No. 53 at 2.) For the reasons discussed herein, the Court **ADOPTS** the R&R's holding, (Doc. No. 53), **GRANTS** the motion to dismiss, (Doc. No. 19), and **DISMISSES** Plaintiff's complaint against all Defendants.

## I. BACKGROUND

For purposes of the instant objection, Plaintiff does not dispute the factual background outlined in the R&R. (Doc. No. 58 at 2.) Because of this absence of dispute, the Court will provide a narrow background of the facts that are vital to the Court's review.

On November 28, 2016, Plaintiff was escorted back to his cell by Defendants Alvarez and Deis, when he discovered his cell had been searched and his personal belongings had been damaged. (Doc. No. 1 ¶ 2.) Plaintiff demanded to speak to Lieutenant Piket and stated to Alvarez that he would not give up his handcuffs until then. (*Id.* ¶ 5.) Alvarez and Deis then took hold of the chain and directed Plaintiff to place his hands outside of the food-port. (*Id.*) Plaintiff refused, again demanding to speak to the Lieutenant. (*Id.*)

Alvarez then slowly began pulling the chain, bringing Plaintiff's back to the door. (*Id.* ¶ 7.) Plaintiff then began yelling at Defendants, "stop pulling the . . . chain, I'm not resisting, and won't resist." (*Id.*) As Alvarez and Deis continued to pull the chain, Alvarez took hold of Plaintiff's handcuffs and pulled his hands through the food-port. (*Id.* ¶ 8.) Plaintiff's left hand caught on the food-port's lower corner, causing him pain as Defendants continued to pull the chain. (*Id.* ¶ 10.) Alvarez then reached through the food-port and attempted to unlock Plaintiff's handcuffs. (*Id.*) Plaintiff's left hand moved into the way, and Alvarez "jabbed at it [twice] with the key[.]" (*Id.*) Alvarez took hold of Plaintiff's right hand and unlocked that cuff, allowing Plaintiff to "unhitch his left hand from the food-port." (*Id.* ¶ 11.) Plaintiff's left hand was then "forcfully [sic] pulled through and out of the food-port where Dies [sic] grabbed hold of it and violently twisted it while Alvarez unlocked the cuff upon it." (*Id.*)

## II.    LEGAL STANDARDS

### A.    Review of the Report and Recommendation

"The court shall make a de novo determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). The "statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original); *see Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1225–26 & n. 5 (D. Ariz. 2003) (applying *Reyna–Tapia* to habeas review).

### B.    Motion to Dismiss

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a plaintiff's complaint. *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "[A] court may dismiss a complaint as a matter of law for (1) lack of cognizable legal theory or (2) insufficient facts under a cognizable legal claim." *SmileCare Dental Grp. v. Delta Dental Plan of Cal.*, 88 F.3d 780, 783 (9th Cir. 1996) (internal quotations and citation omitted). However, a complaint will survive a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In making this determination, a court reviews the contents of the complaint, accepting all factual allegations as true and drawing all reasonable inferences in favor of the nonmoving party. *See Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007). Notwithstanding this deference, a reviewing court need not accept legal conclusions as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). It is also improper for a court to assume "the [plaintiff] can prove facts that [he or she] has not alleged." *Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). However, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 664.

Pro se pleadings are held "to less stringent standards than formal pleadings drafted

by lawyers" because pro se litigants are more prone to making errors in pleading than litigants represented by counsel. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotations omitted). Thus, the Supreme Court has stated that federal courts should liberally construe the "'inartful pleading' of pro se litigants." *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (quoting *Boag v. MacDougall*, 454 U.S. 364, 365 (1982)). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint contain a short plain statement of "the claim showing that the pleader is entitled to relief[.]" Even if some claims may not—on their face—be subject to dismissal under Rule12(b), a court still has discretion to dismiss those that fail to comply with the requirement that they be "simple, concise, and direct." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996) (quoting Fed. R. Civ. P. 8(e)).

### III. DISCUSSION

Plaintiff objects to the R&R's recommendation for Claim One, arguing: (1) the Magistrate Judge failed to consider certain facts and unreasonably ignored others for his Eighth Amendment claim, and (2) Defendants Alvarez and Deis should not be granted qualified immunity. (Doc. No. 58 at 2–4.)

The R&R states Plaintiff fails to establish either (1) an "objectively, sufficiently serious" use of force, or (2) that Defendants possessed a "sufficiently culpable state of mind." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The R&R further notes that Plaintiff admits in his FAC that he refused to comply with Defendants' orders in their attempts to remove Plaintiff's handcuffs. (Doc. No. 53 at 7; *see also* Doc. No. 1 ¶ 5.) Moreover, Plaintiff's FAC demonstrates that Defendants' use of force ceased once Plaintiff's handcuffs were removed. (Doc. No. 53 at 8; Doc. No. 1 ¶ 11.)

For the reasons stated below, the Court concurs with the R&R that Plaintiff's allegations, even when viewed in the light most favorable to him, do not demonstrate that Defendants Alvarez and Deis used malicious or sadistic force against Plaintiff. (Doc. No. 53 at 7.) In fact, the R&R finds that Plaintiff did not establish the two elements of an Eighth Amendment excessive force claim because Defendants Alvarez and Deis: (1) applied

minimal force "in a good-faith effort to maintain or restore order" and (2) "lacked the requisite state of mind for an excessive force claim." (*Id.*)

### A. Petitioner Fails to Establish an Objectively Serious Use of Force

Plaintiff objects to the R&R's finding regarding his first claim for use of excessive force, contending the Magistrate Judge "trivlized [sic] a violent and vicious attack" by Defendants, and that Defendants intentionally inflicted pain upon Plaintiff. (Doc. No. 58 at 3.) Plaintiff also continues to rely upon the alleged violation of the California Department of Corrections and Rehabilitation's ("CDCR") use of force policy and the CDCR's fact sheet regarding the court decree in *Coleman v. Brown*, 912 F. Supp. 1282 (E.D. Cal. 1995) as the basis for his Eighth Amendment claim. (*Id.* at 4.)

Prison officials violate the Eighth Amendment's Cruel and Unusual Punishments Clause by committing an objectively excessive use of force against inmates. *Hudson v. McMillan*, 503 U.S. 1, 6–7 (1992). However, when the prison official's use of force is in furtherance of maintaining institutional security, they "should be accorded wide-ranging deference[.]" *Whitley v. Albers*, 475 U.S. 312, 321–22 (1986).

Here, Plaintiff's allegations of force include: "forcefully pull[ing] Plaintiff's hands into and through the food-port" to remove Plaintiff's handcuffs, (Doc. No. 1 ¶ 8), "intentionally (twice) jabb[ing] at [Plaintiff's right hand] with the [handcuff] key . . . cutting Plaintiff atop the hand," (*Id.* ¶ 10), and pulling Plaintiff's left hand through the food-port and "violently twist[ing]" so that Defendant Alvarez could unlock the cuff from that hand (*Id.* ¶ 11). However, despite these allegations, the Court agrees with the R&R's finding that Defendants' actions do not rise to the level of an objectively serious use of force. (Doc. No. 53 at 8.) As noted in the R&R, Defendants "objectively used minimal and appropriate force to remove a handcuff" from Plaintiff, who repeatedly refused to cooperate with Defendants' attempts to remove his handcuffs. (*Id.*; *see also* Doc. No. 1 ¶¶ 5, 6.) Moreover, Defendants' use of force ceased once Plaintiff's handcuffs were removed, further establishing that Defendants were merely attempting to remove handcuffs from an uncooperative inmate. (Doc. No. 53 at 8.)

Furthermore, despite Plaintiff's allegations that he "suffered injuries to the hands consisting of a stab wound, cuts, swelling, bruising, [and] nerve damage," (Doc. No. 1 ¶ 16), the medical report attached to the FAC show otherwise.[2] Indeed, though Plaintiff stated to medical personnel that he could not "feel" his hands or fingers, no physical injuries were found. (*Id.* at Ex. D-14). Rather, medical personnel found that both Defendants Alvarez and Deis suffered injuries to their hands by Plaintiff. (*Id.* at Ex. D-15, 16.)

Thus, the Court agrees with the R&R's recommendation and finds Plaintiff has failed to establish the first element of an Eighth Amendment excessive force violation.

### B. Plaintiff Has Not Alleged Defendants Alvarez and Deis Possessed a Sufficiently Culpable State of Mind

Prison officials must have a "sufficiently culpable state of mind" in using excessive force to violate the Eighth Amendment. *Farmer*, 511 U.S. at 834. However, an inmate must prove the force was applied "maliciously and sadistically, rather than as part of a good-faith effort to maintain or restore discipline." *Wilkins v. Gaddy*, 559 U.S. 34, 40 (2010) (per curiam) (quoting *Hudson*, 503 U.S. at 7) (internal citations omitted). "[S]uch factors as the need for the application of force, the relationship between the need and the amount of force that was used, and the extent of injury inflicted are relevant to that ultimate determination." *Whitley*, 475 U.S. at 321 (quoting *Johnson v. Glick*, 481 F.2d 1028, 1033 (2nd Cir. 1973) (internal quotations omitted).

The Court agrees with the R&R that Plaintiff failed to allege that Defendants Alvarez and Deis possessed a sufficiently culpable state of mind. (Doc. No. 53 at 11.) Rather, Plaintiff's FAC establishes that Defendants only began to use force after Plaintiff refused their "direct order to put [his] hands out of the food-port[.]" (Doc. No. 1 ¶ 5.) Moreover,

---

[2] The Court may consider documents attached to a complaint in deciding a motion to dismiss under Rule 12(b)(6). *Amfac Mortg. Corp. v. Arizona Mall of Tempe, Inc.*, 583 F.2d 426, 429 (9th Cir. 1978).

Plaintiff details how Defendants' minimal use of force was in furtherance of removing his handcuffs—a good-faith effort to restore discipline. (*Id.* ¶¶ 5, 7, 8, 10, 11.) *See Beard v. Kimble*, No. 2:08-CV-00137, 2015 WL 4662694, at *6 (E.D. Cal. Aug. 5, 2015) (dismissing Plaintiff's claim for excessive force because he was pepper-sprayed after refusing to comply with the officer's order to return to his cell); *see also Fugawa v. Trimble*, No. 1:11-CV-00966, 2015 WL 672123, at *10 (E.D. Cal. Feb. 17, 2015) (finding officers may use reasonable force to gain compliance with an order).

Because Plaintiff failed to plead that Defendants acted maliciously with the purpose of causing him harm—but rather established that Defendants were maintaining discipline—the Court agrees with the R&R that Plaintiff has not established the second element of an Eighth Amendment excessive force claim.

### C. Violation of Prison Policy or Regulation Is Not a Basis for a Constitutional Violation

Plaintiff further asserts that Defendants' alleged violation of the CDCR's use of force policy constitutes a basis for his Eighth Amendment claim. (Doc. No. 1 ¶ 16.) However, a prison official's violation of a prison regulation does not itself establish a constitutional violation. *See Edwards v. Johnson*, 209 F.3d 772, 779 (5th Cir. 2000); *see also Sims v. Ulit*, No. 1:11-CV-00140-AWI-MJS (PC), 2012 WL 293298, at *8 (E.D. Cal. Jan. 31, 2012) ("Nor does a prison official's mere violation of a prison regulation constitute a constitutional violation"). As stated in the R&R, "Plaintiff must show more than a violation of policy—namely, he must show the elements of the Eighth Amendment claim[.]" (Doc. No. 53 at 13.) Thus, Plaintiff's Eighth Amendment claim based on Defendants' alleged violation of the CDCR policy fails.

### D. Violation of a Consent Decree in a Class Action Is Insufficient to State a Claim for Excessive Force

Plaintiff further relies upon a CDCR fact sheet which implements a court order on use of force and disciplinary processes for *Coleman v. Brown* class members. (Doc. No. 1, Ex. B-1.) The *Coleman* action addressed the "constitutional adequacy of the mental health

7

3:18-cv-0326-AJB-WVG

care provided to inmates within the [CDCR], and the class action consists of all inmates with serious mental disorders who are now, or who will in the future be, confined with the [CDCR]." *Espinoza v. Saldivar*, No. 1:15-cv-00812-DAD-SAB (PC), 2016 WL 7159249, at *2 (E.D. Cal. Dec. 8, 2016). However, Plaintiff does not claim in his FAC that he is a member of the *Coleman* class. Moreover, "[i]t is well-settled that the remedial orders issued in *Coleman* . . . do not provide an independent cause of action under section 1983, as the orders do not create or expand on a plaintiff's constitutional rights." *Id.* at *3 (citing *Coleman v. CDCR*, No. 09-cv-01292-SKO PC, 2011 WL 2619569, at *4 (E.D. Cal. July 1, 2011)). Thus, Plaintiff's allegations against Defendants for use of excessive force based on *Coleman* fails. Accordingly, his Eighth Amendment claim fails in its entirety and is **DISMISSED WITH PREJUDICE**.

### E. Defendants' Qualified Immunity

Finally, Plaintiff objects to the R&R's recommendation that Defendants be granted qualified immunity because the CDCR's regulations "are published and were well noted throughout the system[.]" (*Id.*)

"In determining whether an officer is entitled to qualified immunity, we consider (1) whether there has been a violation of a constitutional right; and (2) whether that right was clearly established at the time of the officer's alleged misconduct." *C.V. by & through Willegas v. City of Anaheim*, 823 F.3d 1252, 1255 (9th Cir. 2016) (quoting *Lal v. California*, 746 F.3d 1112, 1116 (9th Cir. 2014)). The Supreme Court has often stressed the importance of deciding qualified immunity "at the earliest possible stage in litigation" in order to preserve the doctrine's status as a true "immunity from suit rather than a mere defense to liability." *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (internal citations omitted). Additionally, "courts are now empowered to address the two prongs in whichever order would expedite resolution of the case." *Morales v. Fry*, 873 F.3d 817, 822 (9th Cir. 2017). A government official's actions or inactions violate "clearly established" law when the constitutional right is "sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Ashcroft v. al-Kidd*, 563 U.S.

731, 741 (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)) (internal citations omitted).

Even assuming he can state a claim, Plaintiff cannot overcome qualified immunity because he cannot show the officers violated a clearly established right. "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Quiroz v. Short*, 85 F. Supp. 3d 1092, 1107 (N.D. Cal. 2015). Plaintiff must point to "existing precedent [that has] placed the statutory or constitutional question beyond debate." *al-Kidd*, 563 U.S. at 741. Here, Plaintiff cannot establish that correctional officers' use of minimal force to maintain order—to remove handcuffs from a passively-resisting inmate—is a "clearly established" violation of the Eighth Amendment Cruel and Unusual Punishment Clause. Because Plaintiff has not sufficiently pled either a violation of a constitutional right or that the right was clearly established at the time of the Defendants' conduct, this Court finds that Defendants Alvarez and Deis have qualified immunity.

### G. Claim Two: First Amendment Retaliation

Neither party has filed objections to the Magistrate Judge's R&R regarding Plaintiff's Second Claim. Having reviewed the R&R, the Court finds it thorough, well-reasoned, and contains no clear error. Accordingly, the Court hereby: (1) **ADOPTS** Magistrate Judge Gallo's R&R regarding Plaintiff's Second Claim; and (2) **GRANTS** Defendants' motion to dismiss Claim Two with leave to amend.

## IV.   CONCLUSION

Based on the reasoning stated herein, the Court **ADOPTS** the R&R, (Doc. No. 53), **GRANTS** Defendants' dismissal motion, (Doc. No. 19), and **DISMISSES** Plaintiff's complaint with **LEAVE TO AMEND** as to the retaliation claim under the First Amendment only. The Court will take up Barrientos', Hough's, Alvarez's, and Deis' qualified immunity defense as to the retaliation cause of action after amendment. Plaintiff's **Second Amended Complaint** is due by **September 6, 2019**.

Plaintiff's first claim under the Eighth Amendment for excessive force is **DISMISSED WITH PREJUDICE** and without leave to amend.

**IT IS SO ORDERED.**

Dated: July 23, 2019

Hon. Anthony J. Battaglia
United States District Judge