UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| ALLEN HAMMLER, | Case No.: 18-cv-0326-AJB-WVG |
|---|---|
| Plaintiff, | **ORDER:** |
| v. | |
| J. ALVAREZ, et al., | **(1) ADOPTING THE REPORT & RECOMMENDATION, (Doc. No. 55);** |
| Defendants. | |
| | **(2) DENYING DEFENDANTS' MOTION REQUIRING POSTING OF SECURITY;** |
| | **(3) GRANTING DEFENDANTS' REQUEST FOR JUDICIAL NOTICE; and** |
| | **(4) GRANTING DEFENDANTS' MOTION TO IMPOSE PRE-FILING RESTRICTIONS ON DEFENDANT AS A VEXATIOUS LITIGANT, (Doc. No. 20).** |

Before the Court is Defendants' motion to declare Plaintiff a vexatious litigant, revoke Plaintiff's IFP status, and require posting of security. (Doc. No. 20.) In the Report and Recommendation ("R&R"), the Magistrate Judge recommended: (1) denying Defendants' claim to revoke Plaintiff's IFP status and dismiss this case; (2) denying

Defendants' request that Plaintiff be required to post $15,525 as security for their costs in litigating this action; and (3) granting Defendants' request declaring Plaintiff a vexatious litigant subject to a pre-filing order for all future cases in this District. (Doc. No. 55 at 16.) For the reasons discussed herein, the Court **ADOPTS** the R&R's holding in full, (Doc. No. 55), **GRANTS** the motion to declare Plaintiff vexatious and to require issuance of a pre-filing order, and **DENIES** Defendants' motions requiring posting of security and revoking IFP status, (Doc. No. 20).

## I. BACKGROUND

Plaintiff Allen Hammler is a state prisoner proceeding *pro se* in an action against several correctional officers under 42 U.S.C. § 1983. (*See* Doc. No. 1.) The complaint specifically names correctional officers Alvarez, Deis, Hough, and Barrientos. (*Id.*) On September 10, 2019, Defendants filed a request for judicial notice, motions to require Plaintiff to declare Plaintiff a vexatious litigant and post security, revoke Plaintiff's IFP status, and to issue a pre-filing order, (Doc. No. 20). Defendants contend that Plaintiff be required to post $15,525 in security to proceed with this action and argue that Plaintiff should be deemed a vexatious litigant and he lacks a probability of success in this action. (Doc. No. 20.) Plaintiff has filed an opposition to this motion, (Doc. No. 49), and Defendants have filed a reply, (Doc. No. 54).

## II. LEGAL STANDARDS

"The court shall make a de novo determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). The "statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original); *see Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1225–26 & n. 5 (D. Ariz. 2003) (applying *Reyna–Tapia* to habeas review).

## III. DISCUSSION

Defendants request this Court to find Plaintiff a vexatious litigant under California

Code of Civil Procedure § 391(b)(1) and cites nine lawsuits Plaintiff has filed in the past seven years that were determined adversely against him. (Doc. No. 20 at 15–16.) Moreover, Defendants request judicial notice of eleven exhibits, all of which are court records involving Plaintiff. (Doc. No. 20-2.) Because these documents demonstrate the existence of other court proceedings, the Court **GRANTS** Defendants' request for judicial notice. *See* Fed. R. Evid. 201. Defendants further request the Court to issue a pre-filing order, which would prohibit Plaintiff "from filing any new litigation in the courts of this state in propria persona without first obtaining leave of the presiding justice or . . . judge of the court where the litigation is proposed to be filed." (Doc. No. 20 at 20, *quoting* Cal. Civ. Proc. Code § 391.7(a).)

Plaintiff objects to the R&R's recommendation to declare him a vexatious litigant, arguing the R&R bases its recommendation "solely on a showing of lititiousness [sic]" and on two federal cases which were dismissed for frivolousness but are currently pending reversal. (Doc. No. 60 at 1.) Moreover, Plaintiff objects to the R&R's reliance of Plaintiff's state claims, as they "reflect unfamiliarity with the substantive law applicable rather than a reach at harassment." (*Id.* at 2.) Plaintiff further notes that the majority of his filings have been state habeas corpus claims (though none of the nine cases that Defendants have requested judicial notice of) and admits he has a "litigious mental state" as "this is what rights are for[.]" (*Id.* at 3.)

The R&R states that because Plaintiff's lawsuits have been numerous (36 cases filed in the last five years), frivolous, and harassing, Plaintiff should be declared a vexatious litigant. (Doc. No. 55 at 12–13.) For the reasons stated below, the Court concurs with the R&R and declares Plaintiff a vexatious litigant.

### A. Defendants' Motions to Revoke Plaintiff's IFP Status and to Require Plaintiff to Post Security

Neither party has filed objections to the Magistrate Judge's R&R regarding Defendants' motion to revoke Plaintiff's IFP status and to require posting of security. Having reviewed the R&R, the Court finds it thorough, well-reasoned, and contains no

3

clear error. Accordingly, the Court hereby: (1) **ADOPTS** Magistrate Judge Gallo's R&R regarding Defendants' motions to revoke Plaintiff's IFP status and to require posting of security; and (2) **DENIES** Defendants' motions to revoke Plaintiff's IFP status and to require Plaintiff to post security of $15,525 under Local Civil Rule 65.1.2(a).

### B. Defendants' Motion for Pre-Filing Order

While federal courts may "regulate the activities of abusive litigants by imposing carefully tailored restrictions under appropriate circumstances[,]" pre-filing orders should rarely be filed. *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990). Moreover, the court must find the plaintiff's claims to be both numerous and without merit. *Ringgold-Lockhart*, 761 F.3d 1057, 1064 (9th Cir. 2014). Before district courts impose pre-filing restrictions on a litigant, they must (1) give litigants notice and "an opportunity to oppose the order before it [is] entered[;]" (2) create an adequate record for appellate review, which "should include a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed[;]" (3) make substantial findings of frivolousness or harassment; and (4) narrowly tailor the order "to closely fit the specific vice encountered." *Id.* at 1147–48.

As a preliminary matter, Defendants have illustrated that Plaintiff has filed numerous lawsuits. Indeed, Plaintiff has filed 50 separate cases against various prison officials and in various California courts since 2007. (*See* Doc. No. 20-2, Ex. 11.) Just in the past five years, Plaintiff has filed 36 cases. *See generally Favor v. Harper*, No. CV 17-0165-JGB (JEM), 2017 WL 132830, at *1 (C.D. Cal. Jan. 13, 2017) (stating Plaintiff had filed numerous actions—over 50 lawsuits—consisting of both habeas petitions and civil actions). Because this Court finds that Plaintiff has undeniably filed numerous lawsuits, the remaining question is to determine whether these lawsuits have been frivolous and harassing.

Defendants have provided the following actions that were adversely decided against Plaintiff:

1. *Hammler v. Melendez, et al.*, No. 18-CV-588-EFB (E.D. Cal. 2018),

voluntarily dismissed after a notice to withdraw complaint by Plaintiff on June 1, 2018.

2. *Hammler v. Director of CDCR*, No. 17-CV-97-NJV (N.D. Cal 2017), dismissed on April 27, 2017, because Plaintiff failed to file an amended complaint after the district court dismissed the complaint with leave to amend.

3. *Hammler v. Kirkland, et al.*, No. 16-CV-1944-CMK (E.D. Cal. 2016), voluntarily dismissed after a notice to withdraw complaint by Plaintiff on June 7, 2017.

4. *Hammler v. Pita, et al.*, No. 16-CV-1684-JGP-SP (C.D. Cal. 2016), voluntarily dismissed after a notice to withdraw complaint by Plaintiff on July 21, 2016.

5. *Hammler v. Macomber*, No. 15-CV-1913-AC (E.D. Cal. 2015), voluntarily dismissed after a notice to withdraw complaint by Plaintiff on December 11, 2015.

6. *Hammler v. Director of CDCR*, No. 15-CV-307-JAM-EFB (E.D. Cal. 2015), dismissed habeas petition without prejudice to file a civil rights action under 42 U.S.C. § 1983 on November 15, 2017.

7. *Hammler v. Linkus*, No. 16K14541 (Los Angeles Cty. Superior Court 2016), Defendant's demurrer sustained without leave to amend on August 8, 2017.

8. *Hammler v. Godfrey, et al.*, No. 16K03901 (Los Angeles Cty. Superior Court 2016), Defendant's demurrer sustained without leave to amend, but without prejudice, on December 21, 2016.

9. *Hammler v. Davis, et al.*, No. JC58661 (Lassen Cty. Superior Court 2015), Defendant's demurrer sustained without leave to amend on March 23, 2015.

As stated in the R&R, the four actions which Plaintiff voluntarily dismissed qualify as actions adversely decided against him. *See Tokerud v. Capitolbank Sacramento*, 38 Cal. App. 4th 775, 779 (1995) ("A party who repeatedly files baseless actions only to dismiss them is no less vexatious than the party who follows the actions through to completion. The difference is one of degree, not kind."). Furthermore, the remaining five actions were dismissed on the merits, adverse to Plaintiff. Defendants have thus shown that Plaintiff has had nine actions decided adversely against him during the past seven years. *See Bravo v. Ismaj*, 99 Cal. App. 4th 211, 221 (2002) (illustrating that vexatious litigants are those

"persistent and obsessive" litigants who file "groundless actions"); *see also De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990) (finding that before a district court issues a pre-filing injunction against a pro se litigant, it must make a finding that the litigant's actions were "frivolous" and "harassing in nature.").

The Court makes this ruling taking into account that the Ninth Circuit has stated that pre-filing restrictions must be "narrowly tailored to closely fit the specific vice encountered." *De Long*, 912 F.2d at 1148. Additionally, the Court is conscious that pre-filing orders should rarely be filed. *Id*. at 1147. Accordingly, when district courts seek to impose pre-filing restrictions, they must (1) give litigants notice and "an opportunity to oppose the order before it [is] entered"; (2) compile an adequate record for appellate review, including "a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed," (3) make substantive findings of frivolousness or harassment; and (4) tailor the order narrowly so as "to closely fit the specific vice encountered." *Id.* at 1147-48.

In Plaintiff's objection to the R&R, he fails to specifically object to the R&R substantively. (Doc. No. 60.) Rather, it appears Plaintiff disagrees with the purpose of a pre-filing order more than the R&R's analysis behind it. For example, Plaintiff argues his lawsuits are "what rights are for" and "one who is weak can stand behind them and scream at Giants to fear God, County, and Constitution." (*Id.* at 3.) He also argues that he is seen as an enemy of the state by prison officials and he sees it as his duty to protect the few rights he has left. (*Id.* at 4.) Plaintiff explains this duty by arguing he will:

> continue to demand that his custodians respect them [the prisoners], and when they dont [sic] Plaintiff shall not rais [sic] a hand in violence as most unlearned prisoners who have accepted their relegation to subhuman do, but he shall do as those in the free and civilized world do, stand behind the Constitutions and scream at the Giants to 'kneel before my rights,' God and Country threatening to force them if they refuse, by way of Court, the means left a prisoner other than violence.

(*Id.* at 4–5.) It is important to note that Plaintiff will not be prevented from bringing meritorious lawsuits in the future, just that Plaintiff will have to obtain an order from a

6

18-cv-0326-AJB-WVG

judge permitting the filing.

Although Plaintiff does not object to the R&R's analysis substantively, the Court nevertheless will review the *De Long* factors. As to the first factor, the Court gave Plaintiff an opportunity to oppose the order before it is entered. As just analyzed, Plaintiff's objections were noted and discussed. Regarding the second and third factors, the Court refers to the now-adopted R&R which both discusses the numerous cases it relied on in concluding Plaintiff was vexatious, (Doc. No. 55 at 6–7, 12–15), and its substantive findings of frivolousness or harassment, (*id.* at 11, 12, 13–16). Finally, the Court issues the narrowly-tailored pre-filing order:

**Allen Hammler must seek and obtain leave of the presiding judge of the appropriate Court, prior to filing any new actions, against any defendant, in any forum in the State of California, based upon, or related in any way, to lawsuits alleging civil rights violations, lawsuits against prison officials, or federal habeas petitions.**

## IV. CONCLUSION

Based on the reasoning stated herein, the Court **ADOPTS** the R&R, (Doc. No. 55), **GRANTS** Defendants' request to order Plaintiff a vexatious litigant subject to a pre-filing order, (Doc. No. 20), **DENIES** Defendants' request to revoke Plaintiff's IFP status, and **DENIES** Defendants' request to require Plaintiff to post security.

**IT IS SO ORDERED.**

Dated: August 13, 2019

Hon. Anthony J. Battaglia
United States District Judge

7

18-cv-0326-AJB-WVG