# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER, <br><br> Plaintiff, <br><br> v. <br><br> J. ALVAREZ, et al., <br><br> Defendants. | Case No.: 18-cv-0326-AJB-WVG <br><br> **ORDER RESPONDING TO NOTICE OF REFERRAL** |

Allen Hammler ("Plaintiff") is a state prisoner proceeding *pro se* in an action against several correctional officers under 42 U.S.C. § 1983 ("Defendants"). (Doc. No. 1.) On April 25, 2018, this Court granted Plaintiff's motion to proceed *In Forma Pauperis* ("IFP") (Doc. No. 5.) On September 10, 2018, Defendants filed a motion to declare Plaintiff a vexatious litigant, revoke Plaintiff's IFP status, and require posting of security. (Doc. No. 20.) On February 12, 2019, the Magistrate Judge issued a Report and Recommendation ("R&R"), recommending the Court deny the motions to revoke Plaintiff's IFP status, and require a posting of security, but grant the motion to declare Plaintiff a vexatious litigant. (Doc. No. 55.) Plaintiff filed objections to the Magistrate Judge's R&R, and on August 13, 2019, this Court issued an order adopting the Magistrate Judge's R&R and declaring Plaintiff a vexatious litigant subject to a pre-filing order. (Doc. Nos. 60, 63.)

On September 16, 2019, Plaintiff filed a Notice of Appeal from the "order declaring

Plaintiff a vexatious litigant subject to pre-filing order." (Doc. No. 66.) On September 27, 2019, the Ninth Circuit referred the matter to this Court to determine within 21 days "whether in forma pauperis status should continue for this appeal or whether the appeal is frivolous or taken in bad faith." (*Id.*)

A district court may revoke the appellant's IFP status by certifying that an appeal would not be taken in "good faith." *See* 28 U.S.C. § 1915(a)(3). The good faith test does not require a preliminary showing of any particular degree of merit. In the absence of some evident improper motive, the applicant's good faith is established by the presentation of any issue on appeal that is not plainly frivolous. *See Farley v. United States*, 354 U.S. 521, 522–23 (1957). Thus, the request of an indigent for leave to appeal in forma pauperis may be denied only if the issues raised are so frivolous that the appeal would be dismissed in the case of a nonindigent litigant. *See Ellis v. United States*, 356 U.S. 674, 675 (1958) (per curiam); *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977).

A claim or action is frivolous where it lacks an arguable basis in law or where a defense is obvious on the face of the complaint. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1228–29 (9th Cir. 1984). A complaint or appeal lacks an arguable basis in law only if controlling authority requires a finding that the facts alleged fail to establish even an "arguable legal claim." *See Guti v. INS*, 908 F.2d 495, 496 (9th Cir. 1990) (citation omitted). While the facts alleged should generally be accepted as true, clearly baseless, "fanciful," "fantastic," or "delusional" factual contentions may be dismissed as frivolous under section 1915. *See Denton v. Hernandez*, 504 U.S. 25, 32 (1992). A complaint or appeal may not, however, be dismissed as frivolous merely because the allegations are unlikely. *Id.* at 33.

After reviewing the entire record, the Court finds that Plaintiff's appeal lacks any arguable basis in law or fact and therefore is considered as not being taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3). *See Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous.) Here, the Court designated Plaintiff as a vexatious litigant because Plaintiff

18-cv-0326-AJB-WVG

has filed 50 separate cases against various prison officials and in various California courts since 2007—nine of which were decided adversely against Plaintiff. (Doc. No. 20-2, Ex. 11.) Moreover, Plaintiff was given an opportunity to object to the R&R and the Magistrate Judge's findings that Plaintiff is a vexatious litigant. (Doc. No. 60.) In his objections to the R&R, Plaintiff failed to object substantively to the findings of the Magistrate Judge, and instead argued generally that his lawsuits are "what rights are for" and "one who is weak can stand behind them and scream at Giants to fear God, County, and Constitution." (Doc. No. 60 at 3.) For these reasons, the Court finds that Plaintiff's IFP status should not be maintained on appeal.

The Clerk of Court is directed to notify the Ninth Circuit Court of Appeals of this Order. *See* Fed. R. App. P. 24(a)(4).

**IT IS SO ORDERED.**

Dated: October 15, 2019

Hon. Anthony J. Battaglia
United States District Judge